UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>COMMERCIAL RECOVERY SYSTEMS, INC., and<br><br>TIMOTHY L. FORD, individually and as an officer of COMMERCIAL RECOVERY SYSTEMS, INC., and<br><br>DAVID J. DEVANY, individually and as a former officer of COMMERCIAL RECOVERY SYSTEMS, INC.<br><br>        Defendants. | Case No.15-CV-36 |

**UNITED STATES OF AMERICA'S COMPLAINT FOR INJUNCTIVE RELIEF
AND CIVIL PENALTIES**

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), for its Complaint alleges:

1. Plaintiff brings this action under Sections 5(a), 5(m)(1)(a), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and (m), 53(b), and 56(a), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692*l*, to obtain monetary civil penalties, injunctive and other relief for Defendants' violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FDCPA, 15 U.S.C. § 1692 *et seq*.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 1692*l*(a).

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1)-(2), (c)(1)-(2), and (d), and 1395(a), and 15 U.S.C. § 53(b).

## FEDERAL TRADE COMMISSION

4. The Commission is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The Commission enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The Commission also enforces the FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits deceptive, abusive, and unfair collection practices. 15 U.S.C. § 1692*l*.

## DEFENDANTS

5. Defendant Commercial Recovery Systems, Inc., ("CRS") is a Texas corporation with its principal place of business at 671 E. 18th Street, Plano, Texas 75074. CRS, in connection with the matters alleged here, transacts or has transacted business in this district and throughout the United States.

6. Defendant Timothy L. Ford is the majority owner, Director, and President of CRS. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendants, including the acts and practices set forth in this Complaint. Ford spoke daily with the company's Vice President, David Devany, and received regular updates about the company, including updates about consumer complaints and FDCPA litigation. Further, Ford approved settlements of lawsuits filed against the company, including lawsuits alleging FDCPA violations, and signed at least one agency order arising from an administrative investigation of

CRS's collection practices.  He engaged in active management of the company by authorizing the termination and discipline of employees and assisted with planning and providing incentive contests to award top collectors.  Defendant Ford resides or has resided in this district and, in connection with the matters alleged here, transacts or has transacted business in this district and throughout the United States.

7. Defendant David J. Devany was a collections manager for CRS and, until late 2013, was the Vice President of CRS.  At all times material to this Complaint, acting alone or in concert with others, he formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendants, including the acts and practices set forth in this Complaint.  While Vice President, Defendant Devany personally hired and supervised CRS's collectors and responded to consumer complaints.  He oversaw CRS's defense to litigation, chiefly litigation including claims that CRS violated the FDCPA, and like Defendant Ford, he approved settlements.  Defendant Devany resides or has resided in this district and, in connection with the matters alleged here, transacts or has transacted business in this district and throughout the United States.

8. Defendants are "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## COMMERCE

9. At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## **DEFENDANTS' BUSINESS ACTIVITIES**

10. Since at least 1994, Defendants have engaged in consumer debt collection activities nationwide. Defendants collect third-party debt, including credit card and auto loans.

11. Defendants regularly attempt to collect debts by contacting consumers by telephone, U.S. Mail, and other instrumentalities of interstate commerce.

12. Since at least 2010, Defendants' collection practices have often relied upon convincing consumers that a debt collection lawsuit has been, or will soon be, filed, and will result in adverse consequences unless the consumer promptly pays Defendants or otherwise cooperates with Defendants' collection efforts.

### **False Claims that Calls Are on Behalf of an Attorney or Judicial Employee**

13. To convince consumers to believe that a lawsuit has commenced, or is imminent, Defendants' collectors call consumers and claim or imply that they are attorneys, or calling on behalf of attorneys, or are judicial employees.

14. In numerous instances, Defendants' collectors call consumers and expressly claim to be attorneys, or to be calling on behalf of an attorney or law firm, or to be judicial employees. In other instances, Defendants' collectors imply that they are attorneys or are associated with attorneys, by stating they are calling from "the legal department," or are calling regarding "a legal matter pending," or that they "represent" CRS.

15. Defendants' collectors also claim to be, or imply, that they are calling from a court system, and claim to be a judicial employee, mediator, or other court personnel.

16. In truth and in fact, Defendants' collectors do not work with, on behalf of, or refer matters to, attorneys or law firms, nor are they judicial employees.

**False Litigation Threats**

17. In numerous instances, Defendants threaten to sue consumers or represent that a lawsuit already has been filed against the consumer. Defendants tell consumers that the only way the consumer can avoid the purported lawsuit or resolve the matter "out of court" is by making payment on the debt.

18. Defendants tell consumers that an "affidavit of complaint" or "case" has been filed against them and offer to resolve it "out of court." Collectors leave consumers voice mail messages stating that they will "proceed with [an] action" unless the consumer returns the collector's call by a certain date or time. Collectors also suggest that consumers' failure to return a call will constitute "waiving [their] rights."

19. In truth and in fact, Defendants lack the authority or intent to file a lawsuit against the consumers. Defendants do not have authority from clients to sue consumers to collect debts, do not initiate lawsuits against consumers, and do not have attorneys on staff to initiate debt collection lawsuits against consumers.

**False Garnishment Threats**

20. In numerous instances, Defendants tell consumers that they will garnish consumers' wages, levy consumers' bank accounts, or seize consumers' property unless the consumer makes payment.

21. Defendants' collectors tell consumers that they are calling regarding a "writ of execution that has been filed against you" in the consumer's home state. Defendants' collectors remind debtors that they live in a "wage-garnishment state," and have explained the garnishment consequences that would result from failing to pay CRS:

[Y]ou will be responsible for the court costs and attorney's fees. It does include a 25 percent wage garnishment, any accounts that are in your name, they will be garnished; if you receive taxes they will be garnished; if you have 401k, it will be garnished until it is paid.

22. In truth and in fact, Defendants lack the authority or intent to garnish consumers' wages, levy consumers' bank accounts, or seize consumers' property. Defendants do not have legal authority, nor do they initiate legal proceedings, to garnish, levy or seize consumers' property in payment of debts.

## VIOLATIONS OF THE FTC ACT

23. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

24. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### COUNT ONE
### Deceptive Attorney, Litigation, and Garnishment Representations
### in Violation of Section 5 of the FTC Act

25. In numerous instances, in connection with the collection of debts, Defendants have represented, directly or indirectly, expressly or by implication, that:

   a. Defendants' collectors are attorneys or are employed by attorneys or working with an attorney, law firm, or court;

   b. Defendants' collectors have filed or intend to file imminently a lawsuit against the consumer;

   c. Defendants' collectors intend to seize, garnish, or attach the consumer's property or wages.

26. In truth and in fact, in numerous instances:

    a. Defendants' collectors are not attorneys, nor are they employed by attorneys or working with an attorney, law firm, or court;

    b. Defendants' collectors have not filed nor intend to file imminently a lawsuit against the consumer; and

    c. Defendants' collectors do not intend to seize, garnish, or attach the consumer's property or wages.

27. Therefore, Defendants' representations as set forth in Paragraph 25 of this Complaint are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FDCPA

28. In 1977, Congress passed the FDCPA, 15 U.S.C. § 1692 *et seq.*, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, provides that a violation of the FDCPA shall be deemed an unfair or deceptive act or practice in violation of the FTC Act, and further authorizes the Commission to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any debt collector. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA in the same manner as if the violations of the FDCPA were violations of a Commission trade regulation rule.

29. Defendants are "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

30. A "debt," as defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5), "means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the

transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

31. Section 807 of the FDCPA, 15 U.S.C. § 1692e, prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Section 807(3), 15 U.S.C. § 1692e(3), specifically prohibits the false representation or implication that any individual is an attorney or that any communication is from an attorney. Section 807(4), 15 U.S.C. § 1692e(4), specifically prohibits the false representation or implication that nonpayment of any debt will result in the seizure, garnishment, or attachment of any property or wages of any person. Section 807(5), 15 U.S.C. § 1692e(5), specifically prohibits threats to take any action that cannot legally be taken or that is not intended to be taken.

### COUNT TWO
### False or Misleading Representations in Violation of Section 807 of the FDCPA

32. In numerous instances, in connection with the collection of debts, Defendants directly or indirectly, expressly or by implication, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

   a. falsely representing the character or legal status of a debt, in violation of Section 807(2) of the FDCPA, 15 U.S.C. § 1692e(2);

   b. falsely representing or implying that Defendants' collectors are attorneys or that a communication is on behalf of an attorney, in violation of Section 807(3) of the FDCPA, 15 U.S.C. § 1692e(3);

  c. falsely representing or implying that nonpayment of a debt will result in the filing of a lawsuit or other legal action against the consumer, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5); and

  d. falsely representing or implying that nonpayment of a debt will result in the seizure, garnishment, or attachment of a person's property or wages, in violation of FDCPA, Section 807(4), 15 U.S.C. § 1692e(4).

33. Defendants' acts and practices as alleged in Paragraph 32 of this Complaint constitute violations of Section 807(2), (3), (4), or (5) of the FDCPA, 15 U.S.C. § 1692e(2)-(5). Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692*l*(a), the act or practices alleged in Paragraph 32 also constitute unfair and deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

34. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the FDCPA. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FTC ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT

35. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 814(a) of the FCPA, 15 U.S.C. § 1692*l*(a), empower this Court to issue a permanent injunction to ensure that Defendants will not continue to violate the FTC Act or the FDCPA.

## CIVIL PENALTIES FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

36. Defendants have violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

37. Each instance, within the five (5) years preceding the filing of this Complaint, during which Defendants violated the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

38. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (2009), authorizes this Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA occurring on or before February 9, 2009, and civil penalties of not more than $16,000 for each violation of the FDCPA occurring on or after February 10, 2009.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff United States of America, pursuant to Sections 5(a), 5(m)(1)(A), 13(b), and 16(a), of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and Sections 807 and 814(a) of the FDCPA, 15 U.S.C. §§ 1692e and 1692*l*(a), and the Court's own equitable powers, respectfully requests that the Court:

A. Enter judgment against each Defendant and in favor of Plaintiff for each violation of the FTC Act and the FDCPA alleged in this Complaint.

B. Enter a permanent injunction to prevent future violations of the FTC Act and the FDCPA by Defendants;

C.  Award Plaintiff monetary civil penalties for each violation of the FDCPA occurring within five years preceding the filing of this Complaint; and

D.  Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

DATED: _January 20, 2015_____          Respectfully submitted,

| OF COUNSEL: | FOR THE UNITED STATES OF AMERICA: |
|---|---|
| JONATHAN E. NEUCHTERLEIN<br>General Counsel | JOYCE R. BRANDA<br>Acting Assistant Attorney General<br>Civil Division |
| DAMA J. BROWN<br>Regional Director<br>Southwest Region | United States Department of Justice<br><br>MICHAEL S. BLUME<br>Director |
| ANNE D. LEJEUNE<br>Texas Bar No. 24054286 | Consumer Protection Branch<br><br>RICHARD GOLDBERG |
| REID A. TEPFER<br>Texas Bar No. 03932300 | Assistant Director<br>Consumer Protection Branch |
| Attorneys, Southwest Region | |
| Federal Trade Commission<br>1999 Bryan Street, Suite 2150<br>Dallas, Texas 75201<br>(214) 979-9371; alejeune@ftc.gov<br>(214) 979-9395; rtepfer@ftc.gov<br>(214) 953-3079; (fax) | /s/ Heide L. Herrmann<br>HEIDE L. HERRMANN<br>Lead Attorney<br>Ohio Bar No. 0069640<br>Consumer Protection Branch<br>United States Department of Justice<br>Post Office Box 386<br>Washington, D.C. 20044<br>(202) 532-4882 (telephone)<br>(202) 514-8742 (facsimile)<br>Heide.Herrmann@usdoj.gov |