**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | | |
| Plaintiff | § | |
| | § | |
| **COMMERCIAL RECOVERY** | § | **CASE NO. 15-CV-36** |
| **SYSTEMS, INC.,** | | |
| And | | |
| **TIMOTHY L. FORD,, individually** | | |
| **and as an officer of Commercial** | | |
| **Recovery Systems INC.,** | | |
| **and** | | |
| **DAVID J DEVANY, individually** | | |
| **and as a former officer of COMMERCIAL** | | |
| **RECOVERY SYSTEMS INC.** | § | |
| | § | |
| | § | |

**DEFENDANT COMMERCIAL RECOVERY SYSTEMS ANSWER TO UNITED**
**STATES OF AMERICA'S COMPLAINT**

Defendant, Commercial Recovery Systems Inc., and Timothy Ford having received notice of the United States of America's complaint answers as follows:

**I.**

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1337 (a), 1345 and 1355 and under 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a) and 1692(a).

2.      Venue is proper in this Court pursuant to 1391 (b)(1)-(2), (c)(1)-(2), and (d) and 15 U.S.C §53(b).

**II.**

## FACTUAL AND PROCEDURAL BACKGROUND

3.      Defendant Commercial Recovery Systems, Inc., ("CRS") and Timothy Ford admits it is a Texas corporation with a principal place of business at 671 E. 18th Street Plano,

Texas 75074. CRS and Timothy Ford admit to transacting business in this district and throughout the United States.

4.      Defendant CRS and Timothy Ford  admit it is a debt collector as defined in §803 (6) of the FDCPA, 15 U.S.C §1692a6).

5.      Defendant CRS admits that Timothy L. Ford is the sole owner, Director and President of CRS. Defendant Timothy L. Ford denies that he formulated directed or controlled Commercial Recovery Systems.

6.      Defendant CRS and Timothy Ford admit David Devany was collections manager until 2013

7.      Defendant CRS and Timothy Ford admit it is a debt collector as defined by 15 USC 1692. **III.**

## **RELIEF REQUESTED**

8.      Defendant CRS and Timothy Ford maintains a course of trade in or affecting commerce.

9.      Defendant CRS and Timothy Ford admits to engaging in consumer debt collection since 1994.

10.      Defendant CRS and Timothy Ford admits to contacting consumers by telephone, U.S Mail.

11.      Defendant CRS and Timothy Ford denies allegation in paragraph 12 of the United States complaint.

12.      Defendant CRS and Timothy Ford denies the allegation in the United States complaint that its collectors imply they are attorneys, or judicial employees or calling on the behalf or either.

13.     Defendant CRS and Timothy Ford denies that collectors call claiming to be calling on the behalf of an attorney or law firm or that they are associated with a legal department.

14.     Defendant CRS and Timothy Ford denies its collectors claim to be or imply they are calling from a court system or claim to be a judicial employee, mediator or other court personnel.

15.     Defendant CRS and Timothy Ford admit its' collectors are not attorneys or judicial employees.

16.     Defendant CRS and Timothy Ford denies threats of litigation against consumer/debtors.

17.     Defendant CRS and Timothy Ford denies advising consumer/debtors that an "affidavit of complaint has been filed against them.

18.     Defendant CRS and Tim Ford admit in part that it lacks ability without client consent to file a lawsuit against the consumer/debtor.

19.     Defendant CRS and Tim Ford deny threatening Consumer/debtors with garnishment claims.

20.     Defendant CRS and Timothy Ford deny informing consumer/debtors that a writ of execution has been filed against consumer/debtor in their respective home state.

21.     Defendant CRS and Timothy Ford admit it lacks the authority to garnish, levy or seize a consumer/debtors bank account or property.

22.     Defendant CRS and Timothy Ford admit Section 5(a) of the FTC, 15 USC 45(a) prohibits unfair or deceptive acts or practices affecting commerce.

23.     Defendants admit misrepresentations would constitute deceptive practices prohibited by Section 5(a) of the FTC Act.

24.     Defendant CRS and Timothy Ford deny that it has represented directly or indirectly, expressly or by implication that:

    a.   collectors are attorneys or are working with a law firm or court

    b.   Defendants have filed or intend to file a lawsuit against the consumer

    c.   Defendants implied intention to seize, garnish or attach property or wages

25.     Defendants deny any false or misleading practices in violation of the FTC ACT 15 USC 45(a)

26.     Defendants CRS and Timothy Ford denies that its collectors have used false of misleading representations in violation of Section 807 of the FDCPA 15 USC 1692e.

27.      Defendant CRS and Timothy Ford deny falsely representing the character or legal status of a debt in violation of Section 807 (2) of the FDCPA, 15 U.S.C 1692e(2)

28.     Defendants denies representing that its collectors are attorneys or that a communication is on behalf of an attorney in violation of Section 807 (3) of the FDCPA, 15 USC 1692 e (3).

29.     Defendants deny its collector imply that nonpayment of a debt will result the filing of a lawsuit

30.     Defendants CRS and Timothy Ford deny that its collectors imply that nonpayment of a debt will result in the seizure, garnishment or attachment of a person property or wages in violation FDCPA, Section 807 (4), 15 USC 1692 e (4) as alleged in paragraph 32 of the complaint.

31.     Defendant CRS and Timothy Ford deny that consumers have suffered as a result of  its collection activities

Dated: January 30, 2015.

Respectfully Submitted,

/s/__Stephen McFayden_____
Stephen G. McFayden
Attorney at Law
State Bar No. 24082137
671 18th St
Plano, TX 75074
859.608.8183 (direct)
972.423.1311 (fax)
Stephen.mcfayden@crscommercial.us
**GENERALCOUNSEL FOR
DEBTOR IN POSSESSION
COMMERCIAL RECOVERY SYSTEMS, INC.**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

**UNITED STATES OF AMERICA**
    **Plaintiff**            §
                        §
**COMMERCIAL RECOVERY**      §         **CASE NO. 15-CV-36**
**SYSTEMS, INC.,**
**And**
**TIMOTHY L. FORD,, individually**
**and as an officer of Commercial**
**Recovery Systems INC.,**
**and**
**DAVID J DEVANY, individually**
**and as a former officer of COMMERCIAL**
**RECOVERY SYSTEMS INC.**       §
                        §
                        §

## DEFENDANT COMMERCIAL RECOVERY SYSTEMS ANSWER TO UNITED STATES OF AMERICA'S COMPLAINT

Defendant, Commercial Recovery Systems Inc., and Timothy Ford having received notice of the United States of America's complaint answers as follows:

### I.

## JURISDICTION

32.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1337 (a), 1345 and 1355 and under 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a) and 1692(a).

33.    Venue is proper in this Court pursuant to 1391 (b)(1)-(2), (c)(1)-(2), and (d) and 15 U.S.C §53(b).

### II.

## FACTUAL AND PROCEDURAL BACKGROUND

34.    Defendant Commercial Recovery Systems, Inc., ("CRS") and Timothy Ford admits it is a Texas corporation with a principal place of business at 671 E. 18th Street Plano,

Texas 75074. CRS and Timothy Ford admit to transacting business in this district and throughout the United States.

35.     Defendant CRS and Timothy Ford  admit it is a debt collector as defined in §803 (6) of the FDCPA, 15 U.S.C §1692a6).

36.     Defendant CRS admits that Timothy L. Ford is the sole owner, Director and President of CRS. Defendant Timothy L. Ford denies that he formulated directed or controlled Commercial Recovery Systems.

37.     Defendant CRS and Timothy Ford admit David Devany was collections manager until 2013

38.     Defendant CRS and Timothy Ford admit it is a debt collector as defined by 15 USC 1692. **III.**

## **RELIEF REQUESTED**

39.     Defendant CRS and Timothy Ford maintains a course of trade in or affecting commerce.

40.     Defendant CRS and Timothy Ford admits to engaging in consumer debt collection since 1994.

41.     Defendant CRS and Timothy Ford admits to contacting consumers by telephone, U.S Mail.

42.     Defendant CRS and Timothy Ford denies allegation in paragraph 12 of the United States complaint.

43.     Defendant CRS and Timothy Ford denies the allegation in the United States complaint that its collectors imply they are attorneys, or judicial employees or calling on the behalf or either.

44.     Defendant CRS and Timothy Ford denies that collectors call claiming to be calling on the behalf of an attorney or law firm or that they are associated with a legal department.

45.     Defendant CRS and Timothy Ford denies its collectors claim to be or imply they are calling from a court system or claim to be a judicial employee, mediator or other court personnel.

46.     Defendant CRS and Timothy Ford admit its' collectors are not attorneys or judicial employees.

47.     Defendant CRS and Timothy Ford denies threats of litigation against consumer/debtors.

48.     Defendant CRS and Timothy Ford denies advising consumer/debtors that an "affidavit of complaint has been filed against them.

49.     Defendant CRS and Tim Ford admit in part that it lacks ability without client consent to file a lawsuit against the consumer/debtor.

50.     Defendant CRS and Tim Ford deny threatening Consumer/debtors with garnishment claims.

51.     Defendant CRS and Timothy Ford deny informing consumer/debtors that a writ of execution has been filed against consumer/debtor in their respective home state.

52.     Defendant CRS and Timothy Ford admit it lacks the authority to garnish, levy or seize a consumer/debtors bank account or property.

53.     Defendant CRS and Timothy Ford admit Section 5(a) of the FTC, 15 USC 45(a) prohibits unfair or deceptive acts or practices affecting commerce.

54.     Defendants admit misrepresentations would constitute deceptive practices prohibited by Section 5(a) of the FTC Act.

55.     Defendant CRS and Timothy Ford deny that it has represented directly or indirectly, expressly or by implication that:

a.   collectors are attorneys or are working with a law firm or court

b.   Defendants have filed or intend to file a lawsuit against the consumer

c.   Defendants implied intention to seize, garnish or attach property or wages

56.     Defendants deny any false or misleading practices in violation of the FTC ACT 15 USC 45(a)

57.     Defendants CRS and Timothy Ford denies that its collectors have used false of misleading representations in violation of Section 807 of the FDCPA 15 USC 1692e.

58.      Defendant CRS and Timothy Ford deny falsely representing the character or legal status of a debt in violation of Section 807 (2) of the FDCPA, 15 U.S.C 1692e(2)

59.     Defendants denies representing that its collectors are attorneys or that a communication is on behalf of an attorney in violation of Section 807 (3) of the FDCPA, 15 USC 1692 e (3).

60.     Defendants deny its collector imply that nonpayment of a debt will result the filing of a lawsuit

61.     Defendants CRS and Timothy Ford deny that its collectors imply that nonpayment of a debt will result in the seizure, garnishment or attachment of a person property or wages in violation FDCPA, Section 807 (4), 15 USC 1692 e (4) as alleged in paragraph 32 of the complaint.

62.     Defendant CRS and Timothy Ford deny that consumers have suffered as a result of of its collection activities

Dated: January 30, 2015.


Respectfully Submitted,


/s/__Stephen McFayden_____
Stephen G. McFayden
Attorney at Law
State Bar No. 24082137
671 18th St
Plano, TX 75074
859.608.8183 (direct)
972.423.1311 (fax)
Stephen.mcfayden@crscommercial.us
**GENERALCOUNSEL FOR**
**DEBTOR IN POSSESSION**
**COMMERCIAL RECOVERY SYSTEMS, INC.**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**UNITED STATES OF AMERICA**
    **Plaintiff**                                   §
                                 §
**COMMERCIAL RECOVERY**                §          **CASE NO. 15-CV-36**
**SYSTEMS, INC.,**
**And**
**TIMOTHY L. FORD,, individually**
**and as an officer of Commercial**
**Recovery Systems INC.,**
**and**
**DAVID J DEVANY, individually**
**and as a former officer of COMMERCIAL**
**RECOVERY SYSTEMS INC.**                §
                                 §
                                 §

## DEFENDANT COMMERCIAL RECOVERY SYSTEMS ANSWER TO UNITED
## STATES OF AMERICA'S COMPLAINT


Defendant, Commercial Recovery Systems Inc., and Timothy Ford having

received notice of the United States of America's complaint answers as follows:

**I.**

## JURISDICTION

63.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1337 (a), 1345 and 1355 and under 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a) and 1692(a).

64.      Venue is proper in this Court pursuant to 1391 (b)(1)-(2), (c)(1)-(2), and (d) and 15 U.S.C §53(b).

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

65.      Defendant Commercial Recovery Systems, Inc., ("CRS") and Timothy Ford admits it is a Texas corporation with a principal place of business at 671 E. 18th Street Plano, Texas 75074. CRS and Timothy Ford admit to transacting business in this district and throughout the United States.

66.      Defendant CRS and Timothy Ford  admit it is a debt collector as defined in §803 (6) of the FDCPA, 15 U.S.C §1692a6).

67.      Defendant CRS admits that Timothy L. Ford is the sole owner, Director and President of CRS. Defendant Timothy L. Ford denies that he formulated directed or controlled Commercial Recovery Systems.

68.      Defendant CRS and Timothy Ford admit David Devany was collections manager until 2013

69.      Defendant CRS and Timothy Ford admit it is a debt collector as defined by 15 USC 1692. **III.**

## RELIEF REQUESTED

70.     Defendant CRS and Timothy Ford maintains a course of trade in or affecting commerce.

71.     Defendant CRS and Timothy Ford admits to engaging in consumer debt collection since 1994.

72.     Defendant CRS and Timothy Ford admits to contacting consumers by telephone, U.S Mail.

73.     Defendant CRS and Timothy Ford denies allegation in paragraph 12 of the United States complaint.

74.     Defendant CRS and Timothy Ford denies the allegation in the United States complaint that its collectors imply they are attorneys, or judicial employees or calling on the behalf or either.

75.     Defendant CRS and Timothy Ford denies that collectors call claiming to be calling on the behalf of an attorney or law firm or that they are associated with a legal department.

76.     Defendant CRS and Timothy Ford denies its collectors claim to be or imply they are calling from a court system or claim to be a judicial employee, mediator or other court personnel.

77.     Defendant CRS and Timothy Ford admit its' collectors are not attorneys or judicial employees.

78.     Defendant CRS and Timothy Ford denies threats of litigation against consumer/debtors.

79.     Defendant CRS and Timothy Ford denies advising consumer/debtors that an "affidavit of complaint has been filed against them.

80.     Defendant CRS and Tim Ford admit in part that it lacks ability without client consent to file a lawsuit against the consumer/debtor.

81.     Defendant CRS and Tim Ford deny threatening Consumer/debtors with garnishment claims.

82.     Defendant CRS and Timothy Ford deny informing consumer/debtors that a writ of execution has been filed against consumer/debtor in their respective home state.

83.     Defendant CRS and Timothy Ford admit it lacks the authority to garnish, levy or seize a consumer/debtors bank account or property.

84.     Defendant CRS and Timothy Ford admit Section 5(a) of the FTC, 15 USC 45(a) prohibits unfair or deceptive acts or practices affecting commerce.

85.     Defendants admit misrepresentations would constitute deceptive practices prohibited by Section 5(a) of the FTC Act.

86.     Defendant CRS and Timothy Ford deny that it has represented directly or indirectly, expressly or by implication that:

     a.   collectors are attorneys or are working with a law firm or court

     b.   Defendants have filed or intend to file a lawsuit against the consumer

     c.   Defendants implied intention to seize, garnish or attach property or wages

87.     Defendants deny any false or misleading practices in violation of the FTC ACT 15 USC 45(a)

88.     Defendants CRS and Timothy Ford denies that its collectors have used false of misleading representations in violation of Section 807 of the FDCPA 15 USC 1692e.

89.      Defendant CRS and Timothy Ford deny falsely representing the character or legal status of a debt in violation of Section 807 (2) of the FDCPA, 15 U.S.C 1692e(2)

90.     Defendants denies representing that its collectors are attorneys or that a communication is on behalf of an attorney in violation of Section 807 (3) of the FDCPA, 15 USC 1692 e (3).

91.     Defendants deny its collector imply that nonpayment of a debt will result the filing of a lawsuit

92.     Defendants CRS and Timothy Ford deny that its collectors imply that nonpayment of a debt will result in the seizure, garnishment or attachment of a person property or wages in violation FDCPA, Section 807 (4), 15 USC 1692 e (4) as alleged in paragraph 32 of the complaint.

93.     Defendant CRS and Timothy Ford deny that consumers have suffered as a result of of its collection activities

Dated: January 30, 2015.

Respectfully Submitted,

/s/__Stephen McFayden_____
Stephen G. McFayden
Attorney at Law
State Bar No. 24082137
671 18th St
Plano, TX 75074
859.608.8183 (direct)
972.423.1311 (fax)
Stephen.mcfayden@crscommercial.us
**GENERALCOUNSEL FOR**
**DEBTOR IN POSSESSION**
**COMMERCIAL RECOVERY SYSTEMS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 18, 2015, a true and correct copy of the foregoing document was served by United States first class mail upon the parties on the attached service list.

_/s/ Stephen McFayden_
Stephen McFayden