IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-00036 |
| | § | JUDGE MAZZANT |
| COMMERCIAL RECOVERY SYSTEMS, INC., TIMOTHY L FORD, INDIVIDUALLY AND AS AN OFFICER OF COMMERCIAL RECOVERY SYSTEMS, INC.; AND DAVID J DEVANY, INDIVIDUALLY AND AS A FORMER OFFICER OF COMMERCIAL RECOVERY SYSTEMS, INC.; | § § § § § § § § § | |

## CIVIL PENALTY JUDGMENT AGAINST TIMOTHY L. FORD

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), filed its Complaint for Injunctive Relief and Civil Penalties ("Complaint"), for a permanent injunction, civil penalties, and other equitable relief in this matter, pursuant to Sections 13(b) and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 56(a)(1). Defendants were served with the summons and the Complaint and filed answer with the Court. (Dkt. #7).

The Court granted summary judgment against Defendants Commercial Recovery Systems, Inc. ("CRS") and Timothy L. Ford ("Ford") in favor of Plaintiff on April 7, 2016 (Dkt. #69), and found CRS and Ford liable for violations of Section 5 of the FTC Act, 15 U.S.C. § 45(a), and multiple provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692*l*, (Dkt. #69 at 15). The Court found Plaintiff entitled to a permanent injunction sought against Defendants CRS and Ford and reserved for trial the determination of civil penalties as to Defendant Ford personally. On April 18, 2016, the Court entered an Order for Permanent Injunction against

Defendants Commercial Recovery Systems, Inc. and Timothy L. Ford (Dkt. #76). On March 21, 2017, the Court entered its Memorandum and Order finding "Defendant Timothy Ford owes Plaintiff $2,000,000 as a reasonable and appropriate civil penalty for his violations of the Fair Debt Collection Practices Act," and directed Plaintiff to submit a consistent proposed judgment (Dkt. #112). Therefore, the Court now makes the following findings and enters this Order for Civil Penalty Judgment Against Timothy L. Ford ("Order").

## FINDINGS

1. This Court has subject matter jurisdiction of this case and personal jurisdiction over Defendants pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), 56(a), and 1692*l*(a).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1)-(2), (c)(1)-(2), and (d), and 1395(a), and 15 U.S.C. § 53(b).

3. The activities of Defendants are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. Defendants CRS and Ford are "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

5. Plaintiff's Complaint alleges that Defendants CRS and Ford participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, in connection with their debt collection activities.

6. The Complaint states a claim upon which relief may be granted against Defendant Ford under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a)(1) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b) and 56(a), and under Sections 807 and 814(a) of the FDCPA, 15 U.S.C. §§ 1692e and 1692*l*(a).

7. By Order dated April 7, 2016, the Court granted Plaintiff's Motion for Summary Judgment as to Defendants CRS and Ford. The Court found Defendant CRS violated Section 5 of the FTC Act, 15 U.S.C. § 45(a), and multiple provisions of the FDCPA, 15 U.S.C. §§ 1692-1692*l*, including Sections 807(2), 807(3), 807(4), and 807(5) of the FDCPA, 15 U.S.C. §§ 1692e(2),1692e(3), 1692e(4), and 1692e(5), and, therefore, Defendants are liable for injunctive relief under Section 5 of the FTC Act. (Dkt. #69 at 10-12). The Court found Defendant Ford, President and owner of CRS, "by virtue of his management positions and his day-to-day involvement in the company's operations" also subject to injunctive relief and found him liable for civil penalties for FDCPA violations by CRS. (Dkt. #69 at 14-15).

8. By Order dated March 21, 2017, the Court found "Defendant Timothy Ford owes Plaintiff $2,000,000 as a reasonable and appropriate civil penalty for his violations of the Fair Debt Collection Practices Act," and directed Plaintiff to submit a consistent proposed judgment (Dkt. #112).

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendant**" means Individual Defendant Timothy L. Ford.

B. "**Plaintiff**" means the United States of America.

## ORDER

### I. MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS ORDERED that:

A. Judgment in the amount of Two Million Dollars ($2,000,000) is entered in favor of Plaintiff against Defendant Timothy L. Ford, as a civil penalty.

B. Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, Two Million Dollars ($2,000,000). Such payment must be made within 14 days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of Plaintiff.

C. In the event of any default in payment, which default continues for 10 days beyond the due date of payment, the entire unpaid amount, together with interest, as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

D. Defendant's Taxpayer Identification Number, which Defendant previously submitted to Plaintiff, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## II. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SIGNED this 12th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE